*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0709**

State of Minnesota,
Respondent,

vs.

Jeremy Allen Hible,
Appellant.

**Filed December 22, 2014
Affirmed
Chutich, Judge**

Sherburne County District Court
File No. 71-CR-07-241

Lori Swanson, Attorney General, Matthew Frank, Assistant Attorney General, St. Paul, Minnesota; and

Kathleen A. Heaney, Sherburne County Attorney, Samuel Wertheimer, II, Assistant County Attorney, Elk River, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Jeremy Hible challenges the district court's revocation of his probation, claiming that the district court abused its discretion when it found that the need for his

confinement outweighed the policies favoring probation. Because sufficient evidence supports the district court's decision to revoke probation here, we affirm.

**FACTS**

In July 2007, appellant Jeremy Hible pleaded guilty to one count of first-degree criminal sexual conduct for sexually abusing his younger sister over a two-year period. The district court stayed imposition of a sentence, placed Hible on 30 years' probation, and ordered him to serve one year in jail. The conditions of Hible's probation required him to enter into and successfully complete a sex-offender-treatment program and prohibited him from accessing pornography, among other things.

In December 2007, Hible violated his probation when he failed to contact his probation officer within 24 hours of his sentence. Hible admitted to the failure. The district court found that the violation was intentional and without excuse but also found that sanctions were not warranted and reinstated the original terms and conditions of probation. The district court warned Hible "if you don't go to treatment, if you don't do what the agent is telling you to do, you will go to prison." Hible said that he understood the consequences of not complying with these terms.

In August 2011, Hible was terminated from CORE, an outpatient sex-offender-treatment program, for missing meetings. Hible received an intermediate sanction for this violation. He was reinstated to the program and ordered to complete 16 hours of community service work.

In June 2013, Hible violated probation again when he failed to complete his sex-offender-treatment program and admitted to accessing pornography. Hible initially

2

denied accessing pornography and was suspended from the CORE program for lying to treatment providers. The court ordered Hible to serve 60 days in jail, instructed him to complete his sex-offender program, and reinstated all the original terms and conditions of probation. The district court also told Hible "I am not going to take this again in the future. If there is another violation of your probation, I will send you to prison. And I'm not going to listen to any other excuses."

In January 2014, Hible violated his probation for a fourth time when he again failed to complete his sex-offender-treatment program and admitted to accessing pornography. At the hearing for Hible's January 2014 probation violation, Hible's primary counselor from CORE testified. She said that in November 2013, she terminated Hible from CORE's outpatient program for the sixth time because he accessed pornography daily, failed to attend required couples therapy sessions with his wife, and failed to complete his daily workbook assignments. She also testified that the average person could complete the outpatient program in two years whereas Hible had been in the program for five years and still had not completed it. Based on the counselor's training and experience, she believed that Hible was not a suitable candidate for an outpatient treatment program.

Hible's probation officer, who had been overseeing his probation for five years, also testified. The probation officer said that she visited Hible many times in the office and field after his June 2013 probation violation. In their conversations, she said that Hible denied accessing pornography and only admitted to it after he failed the CORE

3

polygraph test. She also recommended execution of Hible's sentence if he could not afford an inpatient treatment program.

The inpatient clinical director at Alpha Human Services Residential Sex Offender Treatment Program (Alpha) also testified. The clinical director said that Hible was enrolled in Alpha's inpatient program from December 4, 2013, to January 29, 2014, for a psychological evaluation to determine if he were a suitable candidate for the program. The evaluation revealed that Hible had a low risk of recidivism, but the clinical director observed that Hible had problems following the program's rules and that he "simply pushed boundaries, tried to get things or do things that he wanted to do without necessarily following the proper procedures." Additionally, the clinical director testified that Alpha's inpatient treatment program costs roughly $93 per day, or $35,000 for the entire 13-month program, and that no insurance policy currently covers it. The clinical director also recommended that Hible be committed to an inpatient treatment program.

The district court revoked the stay of imposition, noting that Hible continually violated the two main conditions of his probation—completing his sex-offender-treatment program and abstaining from viewing pornography—and that his violations were intentional and without excuse. And, in the district court's opinion, the "most chilling[]" fact was the clinical director's report that cited treatment failures as a known factor to increase the risk of re-offense. Because of Hible's continued violations, the district court found that the need for confinement outweighed the polices favoring probation. The district court then imposed and executed the presumptive sentence of 144 months.

**D E C I S I O N**

Hible contends that the district court abused its discretion when it revoked his probation because the need for his confinement does not outweigh the policies favoring probation. Specifically, Hible argues that he remains a suitable candidate for inpatient treatment and that the district court should have imposed intermediate sanctions. The state counters, and we agree, that sufficient evidence supports the district court's revocation of probation.

The district court has broad discretion to determine if sufficient evidence supports revocation of probation, and we will only reverse if there is a clear abuse of discretion. *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980).

### A. Austin *Factors*

When an offender violates any of the conditions of probation, the district court may stay the sentence, impose a sentence and stay its execution, or impose a sentence and order its execution. Minn. Stat. § 609.14, subds. 1, 3 (2012). The "purpose of probation is rehabilitation and revocation should be used only as a last resort when treatment has failed." *Austin*, 295 N.W.2d at 250. Furthermore, a district court's decision to revoke probation cannot be "a reflexive reaction to an accumulation of technical violations but requires a showing that the offender's behavior demonstrates that he or she cannot be counted on to avoid antisocial activity." *Id.* at 251 (quotation omitted).

In *Austin*, the supreme court said that when a district court revokes probation, it must: (1) specify the probation condition that was violated, (2) find that the violation was

5

either intentional or inexcusable, and (3) find that the need for confinement outweighs the policies favoring probation. *Id.* at 250.

Hible challenges the district court's finding under the third *Austin* factor. Under this factor, the district court should not revoke probation unless *one* of the three factors is also present: (1) confining the offender is necessary to protect the public against further criminal acts, (2) the correctional treatment that the offender requires can be most effectively provided in confinement, or (3) the seriousness of the violation would be unduly depreciated if probation were not revoked. *Id.* at 251.

## B.    *Third* Austin *Factor*

The district court found that Hible violated two conditions of probation: successful completion of sex-offender treatment and abstaining from the use of pornography. The district court also concluded that these violations were intentional and without excuse. Because of these violations, the district court found that the need to confine Hible outweighed the policies favoring his continued probation. The district court feared that if it did not respond appropriately to his latest violation, Hible would not appreciate the severity of his continued failure to complete treatment. The district court also concluded that Hible would receive the most effective correctional treatment in confinement.

Hible argues that the need for his confinement does not outweigh the policies favoring probation. Hible claims that because he self-reported his pornography use and discussed these lapses in group therapy, his treatment has not failed. But evidence in the record contradicts his claim.

6

Hible was enrolled in the outpatient sex-offender-treatment program for over five years and expelled on six different occasions. Hible only felt "compelled" to self-report his pornography use after he failed a polygraph test. Moreover, Hible violated probation four times. The conduct that led to his June 2013 probation violation—not completing his treatment program and accessing pornography on a daily basis—was exactly the same conduct that led to his January 2014 violation. Finally, Hible's probation officer, his primary counselor, and the clinical director who evaluated Hible all testified that he is not a suitable candidate for an outpatient treatment program.

Hible argues that he has taken several steps to reinforce his commitment to an outpatient treatment program: he has a new job and a supportive employer, he installed new software on his phone to allow his probation officer to monitor his Internet use, and his wife supports his therapy. But Hible made similar promises after his June 2013 probation violation and then relapsed into the same destructive behavior. Hible also contends that prison is unnecessary because he can complete an inpatient treatment program at Alpha. But the Alpha clinical director testified that Hible had problems following the rules of the inpatient program and nothing in the record demonstrates that Hible has the financial ability to pay for the program's $35,000 cost.

Because sufficient evidence supports the district court's finding that the need for confinement outweighed the policies favoring probation here, it properly exercised its discretion when it revoked Hible's probation.

**Affirmed.**